IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CHARLES CAVER                    :

    Petitioner,                  :

v.                               :CIVIL ACTION NO. 03-00661-BH-B

GWENDOLYN MOSLEY,                :

    Respondent.                  :


**REPORT AND RECOMMENDATION**

Charles Caver, a state prisoner currently in the custody
of respondent, has petitioned this Court for federal habeas
corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner
challenges the validity of his August 18, 1999, conviction by
a jury in the Circuit Court of Mobile County, Alabama, for
first degree robbery, for which he received a sentence of life
imprisonment in the state penitentiary pursuant to the
Habitual Felony Offender Act.  (Doc. 11, Ex. M at 3-4).

This matter is now before the undersigned Magistrate
Judge on Petitioner's petition, respondent's answer, briefs,
responses, and exhibits filed by the parties, various state
court briefs filed by the parties, and opinions and orders of
the state appellate courts.  Following a careful review of the
records and exhibits, the undersigned finds that there are

sufficient facts and information upon which the issues under
consideration may be properly resolved.   Therefore, no
evidentiary hearing is required upon the issues.   See Keeney
v. Tamayo-Reyes, 504 U.S. 1, 12 (1992).

BACKGROUND FACTS

The Alabama Court of Criminal Appeals found the facts of
this case to be as follows:[1]

> On September 29, 1998, Tracy Johnson
> was robbed at gunpoint by appellants
> Charles Henry Caver, Jr. and Kenneth
> Morrissette in the Snug Harbor neighborhood
> of Prichard, Alabama.   Johnson lived in the
> neighborhood his entire life and had known
> the appellants since childhood.   Around
> 4:00 p.m. on that afternoon, the appellants
> and seven or eight others came to the
> neighborhood to play football.   The group
> of young men talked about playing football
> for approximately five minutes and then
> decided not to play.   At this point the
> appellants decided to leave the area.
>
> Approximately forty-five minutes later
> Johnson was standing on the front porch of
> a friend's house, when he saw the
> appellants drive up in a burgundy Chevrolet
> and park twenty feet away.   Caver was
> driving the car and Morrissette was riding
> in the front passenger's seat.   Caver and
> Morrissette got out of the car, walked up
> to Johnson, and asked him what did he have

---

[1] The Antiterrorism and Effective Death Penalty Act
(AEDPA) directs that a presumption of correctness be afforded
factual findings of state courts, "which may be rebutted only
by clear and convincing evidence." Bui v. Haley, 321 F.3d
1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1) and
Sumner v. Mata, 449 U.S. 539, 547 (1981)).

2

in his pockets.  When Johnson replied that it was none of their business, both Caver and Morrissette pulled out .38 caliber revolvers.  Morrissette stuck his gun in Johnson's side and Caver stood a short distance away and pointed his gun at Johnson.  Then, Morrissette reached in Johnson's pants pockets and took $60.00.

After Morrissette took the money, he and Caver got back into the car and drove approximately fifteen feet.  Caver, who was driving the car, stopped when Morrissette looked back and noticed that Johnson had a smile on his face.  Morrissette stated that they were going to get Johnson for "messing" with them.  Then, Caver backed the car up to where Johnson was standing and both he and Morrissette got out of the car again with their guns drawn.  At this point, Caver told Johnson that "it was no problem with killing him."  Johnson testified that when Caver and Morrissette came back he was not smiling and that he was frightened.  After threatening Johnson, Caver and Morrissette got back in the car and drove off.

Johnson immediately ran home and called the police.  A police officer came to Johnson's home and took an incident report.  After the police officer left, Johnson left his home to go pick up his daughter and came in contact with Caver and Morrissette.  As Johnson was taking a short cut through an alley when [sic] he saw Caver and Morrissette.  On this occasion, Caver and Morrissette were sitting in a white Chevrolet Impala and there were two other men in the car with them.  When Johnson made eye contact with the appellants he pulled out his gun, which he had obtained from his home before leaving, and got into a shoot out with them.  During the gunfire exchange no one was hit or injured and when the shooting stopped

3

Johnson returned home.

> Caver and Morrissette were
> subsequently apprehended when a police
> officer noticed Caver's vehicle stopped at
> a red light near the police station.   An
> inventory search of the car revealed no
> weapons, but, .38 caliber bullets were
> found in the ashtray of the car.
> Consequently, both Caver and Morrissette
> were arrested and charged with robbery in
> the first degree.

(Doc. 11, Ex. D at 1-2).

Petitioner was indicted by the Mobile County Grand Jury on January 22, 1999, and charged with first degree robbery. He entered a plea of not guilty to the charge.  (Id., Ex. M at 1-2).   Following a jury trial in the Circuit Court of Mobile County, Alabama, Petitioner was convicted on August 18, 1999, of first degree robbery and sentenced as a habitual felony offender to life imprisonment.[2]   (Id. at 3-4).   Petitioner was represented at trial by attorney D.E. "Skip" Brutkiewicz, Jr., and, at sentencing, by Jerome Carter, Esq.  (Id. at 3).

On September 16, 1999, the trial court appointed Desmond Toler, Esq., to represent Petitioner on appeal.  (Id. at 4). Petitioner appealed his conviction to the Alabama Court of

---

[2] The Case Action Summary entry for September 16, 1999, reflects that Petitioner was sentenced to life imprisonment without the possibility of parole.  (Doc. 11, Ex. M at 4). However, on February 8, 2000, the court corrected the entry to reflect that Petitioner had actually been sentenced to life imprisonment.  (Id.).

4

Criminal Appeals, and the court affirmed the conviction by
memorandum opinion on March 24, 2000. (Doc. 11, Ex. M at 5;
Doc. 11, Ex. D). Petitioner then filed a petition for a writ
of certiorari to the Alabama Supreme Court, which that court
denied without opinion on September 8, 2000. (Doc. 1 at 4;
Doc. 11 at 8; Doc. 11, Ex. G).

On January 8, 2001, Petitioner filed a petition for
habeas relief in this Court challenging his August 18, 1999
conviction for first degree burglary. (Doc. 11, Ex. K at 1-
2). On October 12, 2001, the Court denied the habeas petition
and dismissed it, without prejudice, finding that Petitioner's
claims were unexhausted. (Doc. 11, Ex. K; Doc. 11, Ex. L).

On July 26, 2001, Petitioner filed a petition, *pro se*, in
the state circuit court for post-conviction relief pursuant to
Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>. (Doc. 11,
Ex. M at 11). On March 12, 2002, the circuit court denied
Petitioner's Rule 32 petition, and Petitioner appealed to the
Alabama Court of Criminal Appeals. (<u>Id.</u> at 123, 126). On
November 15, 2002, the Alabama Court of Criminal Appeals
affirmed the judgment of the trial court, by memorandum
opinion, denying Petitioner's Rule 32 petition for post-
conviction relief. (Doc. 11, Ex. P). Petitioner applied for
a rehearing, which the Alabama Court of Criminal Appeals

5

overruled on January 7, 2003.  (Doc. 11, Ex. R).  Petitioner
then filed a petition for a writ of certiorari with the
Alabama Supreme Court, which that court denied without opinion
on August 15, 2003.  (Doc. 11, Ex. S).

On October 2, 2003, Petitioner filed the instant petition
for a writ of habeas corpus, setting forth seventeen claims in
support of his request for habeas relief: (1) ineffective
assistance of trial counsel for failing to request a curative
instruction after the prosecutor told the jury to "trust me,"
and ineffective assistance of appellate counsel for failing to
raise trial counsel's ineffectiveness on appeal; (2)
ineffective assistance of trial counsel for failing to request
that the court instruct the jury on Petitioner's theory of the
case, and ineffective assistance of appellate counsel for
failing to raise trial counsel's ineffectiveness on appeal;
(3) ineffective assistance of trial counsel for failing to
request that the petit jury be sworn in before trial, and
ineffective assistance of appellate counsel for failing to
raise trial counsel's ineffectiveness on appeal; (4)
ineffective assistance of trial counsel for failing to request
a mistrial for the State's failure to produce exculpatory
evidence, and ineffective assistance of appellate counsel for
failing to raise trial counsel's ineffectiveness on appeal;

6

(5) ineffective assistance of trial counsel for failing to
investigate Officer James Stallworth, and ineffective
assistance of appellate counsel for failing to raise trial
counsel's ineffectiveness on appeal; (6) ineffective
assistance of trial counsel for failing to move to exclude
Petitioner's statement under <u>Alabama Rule of Evidence</u> 404, and
ineffective assistance of appellate counsel for failing to
raise trial counsel's ineffectiveness on appeal;
(7)ineffective assistance of trial counsel for failing to move
to exclude Petitioner's statement given in a previous homicide
investigation, and ineffective assistance of appellate counsel
for failing to raise trial counsel's ineffectiveness on
appeal; (8) ineffective assistance of appellate counsel for
failing to raise on appeal the insufficiency of the evidence;
(9) ineffective assistance of trial counsel for failing to
request that the jury be instructed on the lesser included
offense of third degree robbery, and ineffective assistance of
appellate counsel for failing to raise trial counsel's
ineffectiveness on appeal; (10) ineffective assistance of
trial counsel for failing to move for a mistrial when the
court commented on the evidence, and ineffective assistance of
appellate counsel for failing to raise trial counsel's
ineffectiveness on appeal; (11) ineffective assistance of

7

trial counsel for failing to file a motion to impeach witnesses pursuant to Alabama Rules of Evidence 609 and 616, and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal; (12) ineffective assistance of trial counsel for failing to file a motion to admit evidence of other crimes by a witness under Alabama Rule of Evidence 404(b), and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal; (13) ineffective assistance of trial counsel for failing to file a motion for additional jurors from which to strike the jury, and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal; (14) ineffective assistance of trial counsel for failing to request certain jury charges, and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal; (15) ineffective assistance of trial counsel for failing to conduct a proper investigation, and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal; (16) the court was without jurisdiction to render judgment or impose sentence; and (17) Petitioner's due process rights were violated by the court's failure to conduct a sentencing hearing. (Doc. 1).

8

The Court will consider each of these claims in turn.

DISCUSSION

As outlined above, Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising seventeen federal constitutional claims.  For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief.

I.   Claim 1.

Petitioner argues first in his petition that he is entitled to relief under § 2254 on the ground that his trial counsel was ineffective for failing to request a curative instruction after the prosecutor told the jury in closing argument to "trust me" and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.  (Doc. 1, attachment at 11).  Respondent argues that this claim is procedurally defaulted.  The Court agrees.

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. <u>Id.</u>, 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that Petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas Petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995). The exhaustion doctrine also requires that a Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S.

10

at 845.  In Alabama, the established appellate review process
includes an appeal to the Alabama Court of Criminal Appeals,
an application for rehearing to the Alabama Court of Criminal
Appeals, and an application for discretionary review by the
Alabama Supreme Court.  See Ala. R. App. P. 4, 39, 40.  The
threshold question here is whether Petitioner fully and fairly
presented habeas claim 1 to the Alabama courts by invoking one
complete round of the State's established appellate review
process.

     The record shows that, while Petitioner filed a direct
appeal of his conviction in the state court, he failed to
raise this issue in his direct appeal proceedings.  (Doc. 11,
Ex. B at 5).  Petitioner then filed a petition for post-
conviction relief pursuant to Rule 32 of the Alabama Rules of
Criminal Procedure; however, he failed to raise habeas claim 1
at any time during those proceedings, as well.  (Doc. 11, Ex.
M at 11, 123).

     Alabama courts generally require that a criminal
defendant assert claims for ineffective assistance of counsel
in a motion for a new trial in order to properly preserve the
claim for review on direct appeal.  Ex parte E.D., 777 So. 2d
113, 115 (Ala. 2000) (citing Ex parte Ingram, 675 So. 2d 863,
865-66 (Ala. 1996)).  However, when a criminal defendant

11

cannot reasonably make such a claim within the 30 days allowed by Alabama Rule of Criminal Procedure 24.1(b), the proper method for presenting the claim is to raise it in a Rule 32 petition. Id. Assuming that Petitioner could not reasonably assert habeas claim 1 in his direct appeal proceedings, particularly as it relates to his appellate counsel, he was required to do so in his Rule 32 petition. He did not raise this claim, however, despite the fact that he raised many other claims of ineffective assistance of counsel in his Rule 32 proceedings. Thus, habeas claim 1 is unexhausted, and any attempt by Petitioner to raise it now in the state court would be futile. See Ala. R. Crim. Proc. 32.2(b) (barring a second or successive petition on any ground that was known at the time that the first petition was heard).

Where, as here, the Petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice or the fundamental miscarriage of justice exception is established. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("[a] defendant who is procedurally barred from raising a

12

federal constitutional claim in state court is also barred
from raising the claim in a federal habeas petition unless he
can show cause for and actual prejudice from making the
default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir.
1995) ("[i]f a state prisoner fails to raise a claim in state
court, or attempts to raise a claim in an improper manner, and
state procedural rules preclude the state courts from hearing
the merits of the claim, then the federal habeas court is also
precluded from hearing its merits, absent a showing of cause
and prejudice.").

    "Cause" for a procedural default exists if "the prisoner
can show that some objective factor external to the defense
impeded counsel's efforts to comply with the State's
procedural rule," or that the procedural default was the
result of ineffective assistance of counsel.  Murray v.
Carrier, 477 U.S. 478, 488 (1986).  To establish "prejudice,"
the Petitioner additionally must show "not merely that the
errors at his trial created a *possibility* of prejudice, but
that they worked to his *actual* and substantial disadvantage,
infecting his entire trial with error of constitutional
dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982)
(emphasis in original).  In the absence of a showing of cause
and prejudice, the Court may yet consider a procedurally

13

defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

Although Petitioner has been afforded the opportunity to demonstrate cause and prejudice for his default with regard to this habeas claim, he has failed to demonstrate, or even allege, that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the cause for the procedural default was the result of ineffective assistance of counsel. Murray, 477 U.S. at 488. Moreover, Petitioner has failed to show that he is "actually innocent," thereby establishing that a fundamental miscarriage of justice would occur if this Court did not consider these claims. Id. at 496. Therefore, the Court finds that Petitioner has failed to establish cause and prejudice as those terms are defined by law, and he has failed to establish that a denial of review constitutes a fundamental miscarriage of justice. Accordingly, Petitioner's habeas claim 1 is procedurally barred in this Court and is due to be dismissed.

II.  Claims 2-17.

Petitioner's habeas claims 2-15 involve claims for relief under § 2254 on various grounds of ineffective assistance of

14

trial and appellate counsel.  Petitioner's habeas claims 16 and 17 involve claims for relief under § 2254 based on actions of the trial court related to Petitioner's sentencing.  The record shows that, with two exceptions, Petitioner presented these claims to the state courts in his Rule 32 proceedings, and the state courts denied the claims on the merits.[3]  (Doc. 11, Exs. N, P).  Therefore, the claims are exhausted and are not procedurally defaulted.

28 U.S.C. § 2254(d) provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that

---

[3] The record shows that Petitioner did not exhaust a portion of habeas claim 5 related to ineffective assistance of appellate counsel.  As discussed below, the Court has considered this unexhausted portion of habeas claim 5, *de novo*, as provided in 28 U.S.C. § 2254(b)(2).  In addition, although Petitioner did present habeas claim 12 to the state courts in his Rule 32 proceedings, the Alabama Court of Criminal Appeals did not adjudicate the claim when it denied his petition for relief.  Therefore, as discussed below, the Court has considered this claim, *de novo*, as well.

>        was based on an unreasonable
>        determination of the facts in
>        light of the evidence presented
>        in the State court proceeding.

Id.  Petitioner filed his habeas petition after the enactment

of the AEDPA; therefore, subsection (d) applies to his

petition.

In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice

O'Connor, writing for a majority of the Court, recognized that

§ 2254(d)(1) places a new constraint on the power of a federal

habeas court to grant a state prisoner's application for a

writ of habeas corpus with respect to claims adjudicated on

the merits, as a writ may issue only if the state court

adjudication resulted in a decision that (1) "was contrary to

. . . clearly established Federal law, as determined by the

Supreme Court of the United States," or (2) "involved an

unreasonable application of . . . clearly established Federal

law, as determined by the Supreme Court of the United States."

>        A state court decision is contrary to
>        the Supreme Court's clearly established
>        precedent (1) if the state court applies a
>        rule that contradicts the governing law as
>        set forth in Supreme Court case law, or (2)
>        if the state court confronts a set of facts
>        that are materially indistinguishable from
>        those in a decision of the Supreme Court
>        and nevertheless arrives at a result
>        different from Supreme Court precedent.

16

> See <u>Williams v. Taylor</u>, 529 U.S. 362, 120
> S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389
> (2000).
>
> A state court decision involves an
> unreasonable application of Supreme Court
> precedent "if the state court identifies
> the correct governing legal rule from
> [Supreme Court] cases but unreasonably
> applies it to the facts of the particular
> state prisoner's case." <u>Williams</u>, 120 S.
> Ct. at 1520. In addition, a state court
> decision involves an unreasonable
> application of Supreme Court precedent "if
> the state court either unreasonably extends
> a legal principle from [Supreme Court]
> precedent to a new context where it should
> not apply or unreasonably refuses to extend
> that principle to a new context where it
> should apply." <u>Id.</u>

<u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000).

Moreover, the Act, as amended, presumes as correct all

determinations of factual issues made by a state court and

places the burden upon the Petitioner of rebutting such a

presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).

In addition, to prevail on any of his claims of

ineffective assistance of counsel, Petitioner bears the burden

of establishing by a preponderance of the evidence that his

trial and/or appellate counsel's performance was deficient and

that he was actually prejudiced by the inadequate performance.

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The elements

to be considered are as follows:

17

> First, the defendant must show that
> counsel's performance was deficient.  This
> requires showing that counsel made errors
> so serious that counsel was not functioning
> as the "counsel" guaranteed the defendant
> by the Sixth Amendment.  Second, the
> defendant must show that the deficient
> performance prejudiced the defense. This
> requires showing that counsel's errors were
> so serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable.

Id., 466 U.S. at 687.  Thus, Petitioner must demonstrate that

his counsel's performance "fell below an objective standard of

reasonableness," Strickland, 466 U.S. at 688, and that "there

is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Id. at 694.  "Establishing these two

elements is not easy: 'the cases in which habeas Petitioners

can properly prevail on the ground of ineffective assistance

of counsel are few and far between.'" Van Poyck v. Florida

Dep't of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002)

(quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir.

1995)).

     An ineffective assistance of counsel claim is examined

under the "totality of the circumstances." House v. Balkcom,

725 F.2d 608, 615 (11th Cir. 1984).  An attorney's performance

is presumed to have been reasonable and must not be examined

with the aid of judicial hindsight. Messer v. Kemp, 760 F.2d

1080, 1088 (11th Cir. 1985).  A federal court must apply a

"heavy measure of deference to counsel's judgments."

Singleton v. Thigpen, 847 F.2d 668, 670 (11th Cir. 1988)

(quoting Strickland, 446 U.S. at 691).

> The test has nothing to do with what the
> best lawyers would have done.  Nor is the
> test even what most good lawyers would have
> done.  We ask only whether some reasonable
> lawyer at the trial could have acted, in
> the circumstances, as defense counsel acted
> at trial.  . . .  We are not interested in
> grading lawyers' performances; we are
> interested in whether the adversarial
> process at trial, in fact, worked
> adequately.

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001)

(quoting White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir.

1992)).

     With respect to habeas claim 2, Petitioner claims that

his trial counsel was ineffective for failing to request that

the court instruct the jury on Petitioner's theory of the case

and that his appellate counsel was ineffective for failing to

raise trial counsel's ineffectiveness on appeal.  Petitioner

presented this same argument to the Alabama Court of Criminal

Appeals in his Rule 32 proceedings, and, in its memorandum

opinion denying Petitioner's request for Rule 32 relief on

this claim, the court stated:

> Next, Caver argued that his appellate
> counsel was ineffective for failing to

19

> raise a claim of ineffective assistance of
> trial counsel based on trial counsel's
> failure to request a jury instruction "on
> his client's theory of the case." The
> trial court found Caver's theory, that he
> was the actual victim in this robbery, to
> be implausible and without any evidentiary
> support. Our review of the record of
> Caver's direct appeal confirms the trial
> court's decision. Caver was not entitled
> to jury instructions on these grounds.
> Therefore, trial counsel was not
> ineffective for failing to object to the
> trial court's failure to give such
> instructions. Because trial counsel's
> conduct was not deficient in this regard,
> there was no basis for appellate counsel to
> question the competence of trial counsel's
> decision.

(Doc. 11, Ex. P at 6-7).

Having reviewed the record in this matter, the Court agrees with the Alabama Court of Criminal Appeals that Petitioner's trial counsel was not deficient for failing to request that the court instruct the jury on Petitioner's theory of the case, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal. The record shows that the jury was aware of Petitioner's defense that he was the true victim in the case, as Petitioner testified at trial that he did not rob Johnson, but, rather, Johnson appeared from no where and began firing a gun into his car. (Doc. 11, Ex. A, Reporter's Transcript, Vol. 2, at R-105-R-106, R-111). Assuming, *arguendo*, that

trial counsel erred in failing to request a specific jury charge on Petitioner's defense theory, Petitioner has failed to show that counsel's error was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 687, 694. Therefore, Petitioner has failed to establish ineffective assistance of trial or appellate counsel with respect to habeas claim 2.

With respect to habeas claim 3, Petitioner claims that his trial counsel was ineffective for failing to request that the petit jury be sworn in before trial and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.  Petitioner presented this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Next, Caver argues that appellate counsel was ineffective for failure to raise a claim of ineffective assistance of trial counsel based on his failure to object to the circuit court's failure to swear in the petit jury, pursuant to § 12-16-170, Ala. Code 1975.  Caver requests that his case be remanded to determine

21

whether the petit jury was properly sworn.

    The circuit court found no factual basis for this claim, noting:

> "It has always been the custom, habit and practice of this court to swear in the jury venire and the petit jury.  Moreover, when jurors are assembled they are always administered an oath to answer questions touching their qualifications truthfully and to render true verdicts according to the law and evidence."  (C. 124).

>     We have recently examined this issue in <u>Brooks v. State</u>, [Ms. CR-00-1892, March 1, 2002] ___ So. 2d ___ (Ala. Crim. App. 2002), and direct Caver's attention to our rationale in rejecting a similar claim. Based on the personal knowledge of the trial judge contained in the record before us, this claim had no basis in fact. Therefore, neither trial counsel nor appellate counsel was ineffective for not raising this claim as a basis for relief.

(Doc. 11, Ex. P at 9-10).

    Having reviewed the record in this matter, the Court agrees with the Alabama Court of Criminal Appeals that Petitioner's trial counsel was not deficient for failing to request that the petit jury be sworn in before trial, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal.  Contrary to Petitioner's allegations, the record shows that the jury venire was sworn prior to jury selection in his case, and, after the jury was

selected, the petit jury was sworn.  (Doc. 11, Ex. A, Vol. 2,
Voir Dire Transcript at R-3; id., Trial Transcript at R-5).
Therefore, Petitioner has failed to establish ineffective
assistance of trial or appellate counsel with respect to
habeas claim 3.

With respect to habeas claim 4, Petitioner claims that
his trial counsel was ineffective for failing to request a
mistrial for the State's failure to produce exculpatory
evidence and that his appellate counsel was ineffective for
failing to raise trial counsel's ineffectiveness on appeal.
Petitioner presented this same argument to the Alabama Court
of Criminal Appeals in his Rule 32 proceedings, and, in its
memorandum opinion denying Petitioner's request for Rule 32
relief on this claim, the court stated:

> Caver argues that appellate counsel
> should have raised an ineffective-
> assistance-of-trial counsel claim because
> counsel did not object to the prosecution's
> failure to provide defense counsel with a
> copy of the police investigative report.
> Caver claims that the report contained
> information about whether a white Chevrolet
> Impala had been "shot up."   He argues
> trial counsel's conduct was deficient
> because he should have moved for a mistrial
> based on the State's discovery violation.
>
> Rule 16.1(e), Ala. R. Crim. P.,
> provides that, with limited exception, the
> discovery and inspection of reports,
> memoranda, witness lists, or other internal
> documents made by law enforcement agents,

in connection with the investigation and
prosecution of a case are not discoverable.
Caver does not claim that the report
contained exculpatory information, nor has
he shown how he was prejudiced by the
State's failure to produce the report prior
to trial.  Furthermore, the circuit court
noted that the information alleged to be
contained in the reports was available at
trial.  Caver himself testified about the
details of the shoot-out and effectively
used information about the occurrence at
trial.  Because there was no basis for an
ineffective-assistance-of-counsel claim
based on these grounds, appellate counsel
was not ineffective for failing to raise
this claim on direct appeal.  Accordingly,
the circuit court correctly denied relief
based on this claim.

(Doc. 11, Ex. P at 7).

Having reviewed the record in this matter, the Court

agrees with the Alabama Court of Criminal Appeals that

Petitioner's trial counsel was not deficient for failing to

request a mistrial for the State's failure to produce

exculpatory evidence, nor was his appellate counsel deficient

for failing to raise trial counsel's ineffectiveness on

appeal.   Petitioner claims in his habeas petition that the

State failed to produce statements made by witnesses "against

the Petitioner's character," a statement by the victim, an

incident report, a towing report showing the time of arrest,

an inventory report showing which items were found in

Petitioner's car, and live bullet rounds purportedly found in

his car.[4]  To the contrary, the record shows that, prior to
trial, the State provided Petitioner with copies of an
incident report, as well as an investigative report, multiple
witness statements bearing on Petitioner's character, and
multiple statements made by the victim.  (Doc. 11, Ex. A, Vol.
1, C.R. 69-70, 94-134, 144, 150).  Assuming, however, that
evidence was withheld from Petitioner, Petitioner has failed
to specify how the particular evidence was exculpatory in
nature and, thus, warranted a motion for a mistrial.
Therefore, Petitioner has failed to establish ineffective
assistance of trial or appellate counsel with respect to
habeas claim 4.

With respect to habeas claim 5, Petitioner claims that
his trial counsel was ineffective for failing to investigate
wrongdoing on the part of Officer James Stallworth and that
his appellate counsel was ineffective for failing to raise
trial counsel's ineffectiveness on appeal.  Petitioner
presented this same argument to the Alabama Court of Criminal
Appeals in his Rule 32 proceedings with respect to his trial
counsel,[5] and, in its memorandum opinion denying Petitioner's

---

[4] Petitioner does not specify which witness and victim
statements were allegedly withheld from him.

[5] Although it appears that Petitioner did not present this
claim to the state court as it relates to Petitioner's

25

request for Rule 32 relief on this claim, the court stated:

> Caver contends that his trial counsel was ineffective for failing to investigate alleged wrong-doing on the part of the investigating officer, Detective Stallworth.  Caver alleged that he learned that the detective had a motive to arrest him and that Stallworth had lost a document relating to the incident – the statement of the victim.  The circuit court rejected Caver's claim that his attorney had failed to investigate the alleged misconduct, finding that Caver was not entitled to relief on a generalized claim that lacked specificity.  The court's finding is correct.  Claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result.  <u>Thomas v. State</u>, 766 So. [2d] at 892 (citing <u>Nelson v. Hargett</u>, 989 F.2d [847], 850 (5th Cir. 1993); see also <u>Patrick v. State</u>, 680 So. 2d 959, 962 (Ala. Crim. App. 1996) (trial counsel is not required to investigate every "will-o'-the-wisp or rabbit trial (sic) matters of mitigation or defense").

(Doc. 11, Ex. P at 6).

   Having reviewed the record in this matter, the Court

---

appellate counsel, under 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." <u>See also</u> <u>Lafitte v. Johnson</u>, 2000 WL 724159, *2 n.2 (S.D. Ala. May 17, 2000).  Therefore, the Court has considered habeas claim 5, as it relates to Petitioner's appellate counsel, *de novo*.

agrees with the Alabama Court of Criminal Appeals that
Petitioner's trial counsel was not deficient for failing to
investigate Officer Stallworth, nor was his appellate counsel
deficient for failing to raise trial counsel's ineffectiveness
on appeal.  In his habeas petition, Petitioner alleges that
Officer James Stallworth committed perjury at trial by
claiming to have lost documents pertaining to the
investigation that would have proved Petitioner's innocence.
Petitioner does not identify, however, the documents which he
claims were lost, nor does he specify how those particular
documents were exculpatory in nature.  Moreover, contrary to
Petitioner's claim, the record shows that Officer Stallworth
never testified, falsely or otherwise, that any documents or
evidence had been lost.  Rather, when asked if he had a report
indicating the condition of Petitioner's vehicle at the time
of arrest, and he simply stated, "I don't have that report
with me."[6]  (Doc. 11, Ex. A, Vol. 2 at R-116).  Therefore,
Petitioner has failed to establish ineffective assistance of
trial counsel for failing to investigate Officer Stallworth's
alleged misconduct regarding lost documents, and he has failed

---

[6]Officer Jerry Bolton testified that an inventory report
related to Petitioner's vehicle had been lost in the records
department.  (Doc. 11, Ex. A, Vol. 2 at R-57).  Officer
Stallworth did not testify about the whereabouts of any such
report.  (Id. at R-116).

27

to establish ineffective assistance of appellate counsel for
failing to raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 6, Petitioner claims that
his trial counsel was ineffective for failing to move to
exclude a statement that he made to police as improper
character evidence under Alabama Rule of Evidence 404 and that
his appellate counsel was ineffective for failing to raise the
issue of trial counsel's ineffectiveness on appeal.
Petitioner presented this same argument to the Alabama Court
of Criminal Appeals in his Rule 32 proceedings, and, in its
memorandum opinion denying Petitioner's request for Rule 32
relief on this claim, the court stated:

> Caver contends that his appellate
> counsel was ineffective for his failure to
> argue that trial counsel was ineffective
> because, he said, trial counsel failed to
> move to exclude a statement made by Caver
> to police.  Specifically, Caver claimed
> that the State's cross-examination
> regarding whether he owned a .38 revolver
> and whether he told police that he bought
> the gun "off the street" was improperly
> admitted. As best we can determine, Caver's
> claim is that he was unduly prejudiced by
> the testimony, as it constituted improper
> character evidence.  The circuit court
> determined that the testimony was intended
> to impeach Caver, and was therefore not
> improper.  Prior inconsistent statements
> may be used to impeach a witness.  See
> Shumate v. State, 676 So. 1345, 1348 (Ala.
> Crim. App. 1995).  Since the record does
> not support Caver's contention of error,
> neither trial counsel nor appellate counsel

were ineffective for failing to pursue this
matter any further.

(Doc. 11, Ex. P at 8).

Having reviewed the record in this matter, the Court
agrees with the Alabama Court of Criminal Appeals that
Petitioner's trial counsel was not deficient for failing to
move to exclude Petitioner's prior statement, nor was his
appellate counsel deficient for failing to raise the issue of
trial counsel's ineffectiveness on appeal.  The record shows
that Petitioner was asked on cross-examination whether he had
told the police that he owned a .38 revolver that he had
bought "off the street."  (Doc. 11, Ex. A, Vol. 2 at R-109).
Contrary to Petitioner's assertion, Petitioner's trial counsel
twice objected to the question, and the trial court overruled
the objections.  (Id.).  Therefore, Petitioner has failed to
establish that his trial counsel was deficient for failing to
move to exclude this evidence, and he has failed to establish
ineffective assistance of appellate counsel for failing to
raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 7, Petitioner claims that
his trial counsel was ineffective for failing to move to
exclude Petitioner's statement given in a previous homicide
investigation involving the death of Kelsey McQueen ("the
Kelsey McQueen statement") and that his appellate counsel was

29

ineffective for failing to raise trial counsel's ineffectiveness on appeal. Petitioner presented this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Caver contends that his appellate counsel erred by not raising a claim of ineffective assistance of trial counsel based on trial counsel's failure to move to suppress a statement given by Caver in a previous homicide investigation involving the death of Kelsey McQueen. He contends that the statement was in violation of the protections afforded by <u>Miranda v. Arizona</u>, [384 U.S. 436 (1966)], and was not admissible. Because our review of the record reveals that Caver was never questioned about such a statement, we find this claim to be without factual support. Thus, there was no basis for a claim of ineffective counsel based on these facts. Accordingly, the circuit court correctly determined that this claim was without merit.

(Doc. 11, Ex. P at 8).

Having reviewed the record in this matter, this Court likewise finds that Petitioner's trial counsel was not deficient for failing to move to exclude the Kelsey McQueen statement, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal. Although the Alabama Court of Criminal Appeals concluded that

30

Petitioner had never been questioned about the Kelsey McQueen statement at trial, the record shows that the Kelsey McQueen statement is actually the same statement referenced in habeas claim 6 and that Petitioner indeed was asked whether, in the statement, he had told the police that he owned a .38 revolver that he had bought "off the street."  (Doc. 11, Ex. A, Vol. 1 at 87; Vol. 2 at R-109).  This is the only reference to the statement in the trial court record, however, and, therefore, for the same reasons stated above in reference to habeas claim 6, the Court finds that Petitioner has failed to establish that his trial counsel was deficient for failing to move to exclude this statement, and Petitioner has failed to establish ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 8, Petitioner claims that his appellate counsel was ineffective for failing to raise on appeal the insufficiency of the evidence.  Petitioner presented this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Caver contends that his appellate
> counsel was ineffective for his failure to
> raise on direct appeal whether the State
> presented sufficient evidence to sustain a

31

conviction for first-degree robbery. The
circuit court, in its well-reasoned order,
stated that even if this issue had been
raised, Caver would not have prevailed or
received any relief. The judge who
presided over Caver's Rule 32 petition was
the same judge who presided at trial and he
based his ruling on his own personal
knowledge of the evidence. See <u>Makres v.
State</u>, 739 So. 2d 1141 (Ala. Crim. App.
1998). Given that the robbery victim had
known Caver since childhood and positively
identified him at trial as one of the men
who robbed him at gunpoint, the court's
finding was correct. Thus, we find no
abuse of discretion that warrants relief.

(Doc. 11, Ex. P at 3-4).

Having reviewed the record in this matter, this Court

likewise finds that Petitioner's appellate counsel was not

deficient for failing to raise on appeal the insufficiency of

the evidence. The record shows that the robbery victim, Tracy

Johnson, testified at trial that he knew Petitioner and his

accomplice, Kenneth Morrissette. (Doc. 11, Ex. A, Vol. 2 at

R-23). He testified that they were "raised up in the same

neighborhood" and that, just prior to the robbery, he had been

talking to Petitioner, Morrissette, and several other people

about playing football, but the game never materialized. (<u>Id.</u>

at R-24-R-25). Johnson testified that, about forty-five

minutes after the conversation about playing football, he was

standing on the porch of a friend's house when Petitioner and

Morrissette drove up and asked him what he had in his pockets.

(Id. at R-25-R-28).  Johnson told them that it was none of their business, and they exited their car with guns drawn, walked up to Johnson, and physically removed sixty dollars from his pocket.  (Id. at R-29).  At trial, Johnson identified Petitioner and his accomplice, Kenneth Morrissette, in open court as the men who robbed him at gun point.  (Id. at 23). Given this evidence, the Court agrees with the Alabama Court of Criminal Appeals that Petitioner's appellate counsel was not deficient for failing to raise on appeal the insufficiency of the evidence.

With respect to habeas claim 9, Petitioner claims that his trial counsel was ineffective for failing to request that the jury be instructed on the lesser included offense of third degree robbery and that his appellate counsel was ineffective for failing to raise this issue on appeal.  Petitioner presented this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Caver contended that his appellate counsel was ineffective for failing to allege that trial counsel was ineffective for not asking the court to charge the jury on the "lesser included offense" of third-degree robbery.
>
> "A person accused of the greater

33

offense is entitled to have the trial court
charge on lesser offenses included within
that offense when there is a reasonable
theory from the evidence supporting the
lesser offenses." <u>Living v. State</u>, [Ms.
CR-98-1326, May 26, 2000] __ So. 2d __, __
(Ala. Crim. App. 2000).  See also § 13A-1-
9(b), Ala. Code 1975, ("The court shall not
charge the jury with respect to an included
offense unless there is a rational basis
for a verdict convicting the defendant of
the included offense").  Caver argues that
these proposed lesser offenses were
supported by the evidence that he did not
have a gun at the time of the commission of
the offense; he further contends that the
State did not sufficiently establish the
elements of robbery in the first degree and
that on that basis he was entitled to an
instruction on robbery in the third degree.

The circuit court heard all of the
evidence presented at trial and determined
that there was no reasonable theory of the
evidence that would rationally support a
charge on third-degree robbery.  Moreover,
because Caver himself denied committing any
offense, the court was left with either
first-degree robbery or innocence.  Counsel
is not ineffective for failing to request a
charge not supported by the evidence.
Therefore, appellate counsel was not
ineffective for alleging that trial counsel
was ineffective in this regard.  In proving
ineffectiveness, the Petitioner has the
burden of proof and "must overcome the
presumption that, under the circumstances,
the challenged action 'might be considered
sound trial strategy.'" <u>Strickland</u>, 466
U.S. at 689; see also <u>King v. State</u>, 518
So. 2d 191, 195 (Ala. Crim. App. 1987);
<u>Dill v. State</u>, 484 So. 2d 491 (Ala. Crim.
App. 1985).  A request for jury
instructions is a matter of trial strategy
and, absent a clear showing of improper or
inadequate representation, is to be left to

34

the judgment of counsel.  <u>Haynes v. State</u>,
461 So. 2d 869, 874 (Ala. Crim. App. 1984).

(Doc. 11, Ex. P at 4-5).

Having reviewed the record in this matter, this Court
likewise finds that Petitioner's trial counsel was not
deficient for failing to request that the jury be instructed
on the lesser included offense of third degree robbery, nor
was his appellate counsel ineffective for failing to raise
trial counsel's ineffectiveness on appeal.  <u>Alabama Code</u> §
13A-8-41 provides that a person commits the crime of first
degree robbery if he violates <u>Alabama Code</u> § 13A-8-43 (third
degree robbery), and he "is armed with a deadly weapon" or
"causes serious physical injury to another."  The victim,
Tracy Johnson, testified at trial that Petitioner and his
accomplice, Kenneth Morrissette, robbed him at gunpoint.
(Doc. 11, Ex. A, Vol. 2 at R-28-R-32).  Petitioner claims
that, because no guns were found in the vehicle that he was
driving at the time of his arrest, one could infer that no
guns were used in the robbery, and, thus, the jury should have
been charged on the lesser included offense of third degree
robbery.  The Court disagrees.  The record shows that the
victim, Johnson, testified that Petitioner was driving a
burgundy Chevrolet at the time of the robbery.  (<u>Id.</u> at R-27).

35

Officer Jerry Bolton testified that, later that evening when Petitioner was arrested, he was driving a white Impala. (<u>Id.</u> at R-52-R-54). The fact that no guns were found in the Impala that Petitioner was driving at the time of arrest does not support the inference that no guns were used in the robbery earlier that evening when Petitioner was driving a burgundy Chevrolet, nor does it support a jury charge on third degree robbery. Moreover, as noted by the appeals court, Petitioner denied committing any offense; thus, under the facts presented, the Court was left with innocent or first degree robbery. Accordingly, Petitioner has failed to establish ineffective assistance of trial counsel for failing to request that the jury be instructed on the lesser included offense of third degree robbery, and he has failed to establish ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 10, Petitioner claims that his trial counsel was ineffective for failing to move for a mistrial when the court commented on evidence concerning the content of a statement given to police by the victim, Tracy Johnson, and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal. Petitioner presented this same argument to the Alabama Court

36

of Criminal Appeals in his Rule 32 proceedings, and, in its

memorandum opinion denying Petitioner's request for Rule 32

relief on this claim, the court stated:

> Caver contends that appellate counsel
> was ineffective for failing to raise a
> claim of ineffective assistance of trial
> counsel based on trial counsel's failure to
> move for a mistrial and request curative
> instructions based on an improper comment
> referring to Caver as a "snitch."
> Specifically, the record shows that, during
> cross-examination of witness Tracy Johnson,
> defense counsel asked Johnson if he had
> told law enforcement authorities that Caver
> was a "snitch."  The State objected to this
> line of questioning.  After numerous
> questions were asked in an attempt to
> define and understand Johnson's use of the
> term, the circuit court reviewed a written
> statement and replied, "He didn't call
> anybody a snitch."  Defense counsel
> objected to the court's comment, alleging
> that this remark constituted an improper
> comment on the evidence.  Thus, defense
> counsel's objection was overruled and the
> State's objection was sustained.
>
> Decisions on the admissibility of
> evidence are within the sound discretion of
> the trial court.  If we followed Caver's
> argument to its logical conclusion, each
> proffer of evidence submitted to the trial
> court for a determination of admissibility
> would be improper, since the trial court
> would have to evaluate and comment on the
> evidence in order to rule on its
> admissibility.  Moreover, Caver has failed
> to establish how he was prejudiced by the
> court's actions.  Therefore, the trial
> court properly denied relief based on this
> claim.

(Doc. 11, Ex. P. at 8-9).

Having reviewed the record in this matter, this Court likewise finds that Petitioner's trial counsel was not deficient for failing to move for a mistrial when the court commented on Johnson's prior statement to the police, nor was his appellate counsel ineffective for failing to raise trial counsel's ineffectiveness on appeal.  At trial, Petitioner sought to introduce a prior statement given by Johnson to the police in which Johnson purportedly referred to Petitioner as a "snitch."  With this evidence, Petitioner sought to establish Johnson's motive for fabricating the story that Petitioner robbed him.  (Id.).  Assuming, *arguendo*, that the trial court's remark that Johnson had not called anyone a "snitch" was improper, the record shows that, immediately after making the comment, the court allowed Petitioner to elicit testimony from Johnson that he had told the police that Petitioner "had a reputation for going to jail and telling on everybody."  (Doc. 11, Ex. A, Vol. 2 at R-46).  Therefore, Petitioner was not prejudiced by the remark, see Strickland, 466 U.S. at 694, and, consequently, neither Petitioner's trial counsel nor his appellate counsel was deficient with respect to habeas claim 10.

With respect to habeas claim 11, Petitioner claims that his trial counsel was ineffective for failing to file a motion

38

to impeach the victim, Tracy Johnson, pursuant to <u>Alabama</u>
<u>Rules of Evidence</u>[7] 609 and 616 and that his appellate counsel
was ineffective for failing to raise trial counsel's
ineffectiveness on appeal.  Petitioner presented this same
argument to the Alabama Court of Criminal Appeals in his Rule
32 proceedings, and, in its memorandum opinion denying
Petitioner's request for Rule 32 relief on this claim, the
court stated:

> Caver contends that his appellate
> counsel was ineffective for failure to
> raise a claim of ineffective assistance of
> trial counsel based on trial counsel's
> failure to move to impeach the credibility
> of a certain witness.  Specifically, Caver
> argued that trial counsel should have filed
> motions pursuant to Rule 609 and 616, Ala.
> R. Crim. P., to elicit testimony that the
> victim in this case and Caver's uncle had a
> vendetta against Caver and his co-defendant
> for a previous assault.  Caver contends
> that the State coerced favorable testimony
> from this witness in exchange for leniency
> in a potential probation revocation, and
> that trial counsel should have presented
> this evidence to the jury to prove bias on
> the part of the witness.
>
> We first note that the trial
> transcript does not reveal that this
> particular witness testified at trial.
> Thus, there was no basis upon which to file
> such a motion.  Trial counsel cannot be
> held to be ineffective for failing to file
> a motion for which no legal basis exists.

---

[7] Petitioner erroneously refers to these rules as <u>Alabama</u>
<u>Rules of Criminal Procedure</u> 609 and 616.

> See <u>Patrick v. State</u>, 680 So. 2d 959 (Ala.
> Crim. App. 1996).  Thus, neither counsel
> was ineffective for failing to take such a
> course of action.

(Doc. 11, Ex. P. at 10-11).

Having reviewed the record in this matter, this Court likewise finds that Petitioner's trial counsel was not deficient for failing to file a motion to impeach Johnson pursuant to <u>Alabama Rules of Evidence</u> 609 and 616, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal.  The record shows that the Alabama Court of Criminal Appeals rejected Petitioner's argument related to the victim's uncle, because the uncle did not testify.  In his habeas petition, however, Petitioner argues that his trial counsel was ineffective for failing to attempt to impeach the victim, Johnson, with evidence of the alleged vendetta and with evidence of leniency by the prosecution concerning Johnson's probation.  (Doc. 1, petition at 18).  The Court disagrees for two reasons.

First, in order to impeach Johnson with evidence of the alleged vendetta, Petitioner's trial counsel would have been required to disclose to the jury that Petitioner, along with his present co-defendant Morrissette, had assaulted Johnson's uncle.  According to Petitioner, both he and Morrissette were arrested and charged with the assault, and Morrissette had

40

been released from prison on that charge only three months before the alleged robbery.  (Doc. 1, attachment at 18).  This evidence could have had obvious negative implications for Petitioner, and the decision concerning whether to avoid this subject altogether in front of the jury was one that properly rested with Petitioner's trial counsel.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689.  Petitioner has failed to overcome this presumption.

Second, despite Petitioner's argument in his habeas petition that his trial counsel should have impeached Johnson with evidence that Johnson received leniency on his probation in exchange for his testimony, there is no evidence whatsoever that such an agreement existed.  Therefore, Petitioner's trial counsel was not deficient for failing to attempt to impeach Johnson on that basis, nor was appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 12, Petitioner claims that his trial counsel was ineffective for failing to file a motion to admit evidence of other crimes by the victim, Johnson,

41

under <u>Alabama Rule of Evidence</u> 404(b) and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.  Although Petitioner presented this argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, that court neither addressed nor adjudicated it.  (Doc. 11, Ex. P).  Therefore, the Court is unconstrained by § 2254(d) and will proceed to review this claim *de novo*.

In his habeas petition, Petitioner argues that his trial counsel was ineffective for failing to file a motion under Rule 404(b) to admit evidence that the victim, Johnson, had previously been charged with the crime of discharging a firearm into an occupied vehicle.  Petitioner argues that this evidence would have shown that Johnson had a motive to fabricate the story about the robbery; *i.e.*, fear that he would be charged, a second time, with discharging a firearm into a vehicle and would be sent to prison.  (Doc. 1, attachment at 19).

<u>Alabama Rule of Evidence</u> 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the

42

> prosecution in a criminal case shall
> provide reasonable notice in advance of
> trial, or during trial if the court excuses
> pretrial notice on good cause shown, of the
> general nature of any such evidence it
> intends to introduce at trial.

The record shows that Johnson testified at trial that, after being robbed at gunpoint by Petitioner and Morrissette, he immediately called the police, and an officer came to his home and took a report.  A short time later, Johnson encountered Petitioner and Morrissette again.  This time, Johnson was walking through an alley near his home and saw Petitioner, Morrissette, and two other individuals in a vehicle.  Johnson and Petitioner exchanged gunfire, but no one was injured.  Johnson retreated to this home. (Doc. 11, Ex. A, Vol. 2 at R-32-R-36).  At the same time, the police department received a telephone call reporting gunfire from a vehicle matching the description of the vehicle in which Petitioner, Morrissette, and the other two individuals were riding. (Id. at R-52).  The police arrested them within minutes of the call. (Id. at R-52-R-54).

Because it is undisputed that Johnson had already reported the robbery to the police before the exchange of gunfire ever took place, the shooting could not have been the motive for the robbery report.  For this reason, Petitioner's trial counsel was not deficient for failing to file a motion

43

under Rule 404(b) to admit evidence of "other crimes" by
Johnson in order to show Johnson's motive for reporting the
robbery, nor was Petitioner's appellate counsel deficient for
failing to raise trial counsel's ineffectiveness on appeal.

With respect to habeas claim 13, Petitioner claims that
his trial counsel was ineffective for failing to file a motion
for additional jurors from which to strike the jury and that
his appellate counsel was ineffective for failing to raise
trial counsel's ineffectiveness on appeal.  Petitioner
presented this same argument to the Alabama Court of Criminal
Appeals in his Rule 32 proceedings, and, in its memorandum
opinion denying Petitioner's request for Rule 32 relief on
this claim, the court stated:

> Caver argues that his appellate
> counsel was ineffective for failing to
> raise a claim of ineffective assistance of
> trial counsel based on trial counsel's
> failure to move the court for additional
> jurors from which to strike a jury.  Caver
> and his co-defendant, Kenneth Morrissette,
> were tried jointly.  As best we are able to
> determine, Caver contends that, because
> certain members of the jury pool were
> already selected for other cases, there was
> an insufficient number of jurors in the
> venire from which their jury was chosen.
>
> Section 12-16-100(1), Ala. Code 1975,
> requires that there must be a minimum of 24
> jurors from which to strike a petit jury in
> a felony case.  Our review of the record of
> Caver's direct appeal reveals that there
> were 28 jurors in the venire from which

> Caver and Morrissette's jury was selected.
> Accordingly, the circuit court correctly
> determined that Caver had failed to state a
> claim upon which relief could be granted.
> Therefore, counsel was not ineffective for
> failing to argue such a claim.

(Doc. 11, Ex. P at 10).

Having reviewed the record in this matter, this Court likewise finds that Petitioner's trial counsel was not deficient for failing to file a motion for additional jurors from which to strike the jury, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal.  The record shows that the twelve-person jury in Petitioner's case was chosen from a venire of twenty-eight prospective jurors.  (Doc. 11, Ex. 2, Vol. 2 at CR. 3, 28).  Alabama Rule of Criminal Procedure 18.4(f)(1)(ii) provides that, in a non-capital felony case, a jury shall be selected from a list of twenty-four prospective jurors, unless the parties consent to the use of a lesser number.  Rule 18.4(f)(2) further provides that an additional twelve names shall be provided for each additional defendant, if two or more persons are being tried jointly.  Thus, Petitioner argues, his jury should have been selected from thirty-six potential jurors, and his trial counsel was ineffective for agreeing to less.  The Court disagrees.

In matters of jury selection, one can easily conceive of

legitimate, strategic reasons that a trial attorney might agree to accept the jury venire seated before him, even if less than the number to which his client is legally entitled, rather than risk the addition of less favorable jurors into the pool.   As discussed above, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"   Strickland, 466 U.S. at 689. Petitioner has failed to overcome this presumption.

Moreover, Petitioner has failed to show that he was prejudiced by his trial counsel's decision to strike a jury from a venire of twenty-eight prospective jurors instead of thirty-six.   "In order to satisfy Strickland's prejudice prong, '[a] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.   This Petitioner has also failed to do.   See Cabberiza v. Moore, 217 F.3d 1329, 1334 (11th Cir. 2000) ("[t]he record in this case is devoid of evidence that 'show[s] there is a reasonable probability' that an acquittal or hung jury would have resulted had Petitioner's counsel

46

insisted on twelve jurors [instead of consenting to six].").
Therefore, Petitioner has failed to show that his trial
counsel was ineffective for failing to file a motion for
additional jurors from which to strike the jury or that his
appellate counsel was ineffective for failing to raise trial
counsel's ineffectiveness on appeal.

With respect to habeas claim 14, Petitioner claims that
his trial counsel was ineffective for failing to request
additional jury charges on witness credibility and that his
appellate counsel was ineffective for failing to raise trial
counsel's ineffectiveness on appeal. (Doc. 1, attachment at
22). Petitioner presented this same argument to the Alabama
Court of Criminal Appeals in his Rule 32 proceedings, and, in
its memorandum opinion denying Petitioner's request for Rule
32 relief on this claim, the court stated:

> Caver contends that appellate
> counsel was ineffective for
> failing to raise a claim of
> ineffective assistance of trial
> counsel based on trial counsel's
> failure to request certain jury
> charges. Specifically, he
> argues that trial counsel should
> have requested instructions on
> the effect of 'bad character
> evidence of a witness' and 'of
> charges stating that if the
> conviction depends on testimony
> of a single witness and the jury
> has reasonable doubt as to the
> truthfulness of the testimony of

47

such witness, they cannot convict
the defendant." The trial court,
in its order dismissing Caver's
claims, ruled that the court's
charge was appropriate and that
Caver failed to show that he
suffered any substantial
prejudice.

We agree with the circuit
court's finding. A trial court
has broad discretion in
formulating its jury
instructions, provided those
instructions are accurate
reflections of the law and facts
of the case. Knotts v. State,
686 So. 2d 431, 456 (Ala. Crim.
App. 1995), aff'd, 686 So. 2d 486
(Ala. 1996). Moreover, a trial
court's oral charge to the jury
cannot be viewed in bits and
pieces, but must be viewed in its
entirety. Jones v. State, 644
So. 2d 1336, 1338 (Ala. Crim.
App. 1994). Even if counsel had
requested jury instructions on
these issues, there is no
guarantee that the circuit court
would have given the proposed
instructions. "The refusal of a
requested written instruction,
although a correct statement of
the law, shall not be cause for
reversal on appeal if it appears
that the same rule of law was
substantially and fairly given to
the jury in the court's oral
charge. . . ." Rule 21.1, Ala.
R. Crim. P. Accordingly, the
circuit court correctly concluded
that Caver was not prejudiced by
either trial or appellate
counsel's performance in this
regard.

48

(Doc. 11, Ex. P at 11-12).

Having reviewed the record in this matter, this Court likewise finds that Petitioner's trial counsel was not deficient for failing to request additional jury charges on witness credibility, nor was his appellate counsel deficient for failing to raise trial counsel's ineffectiveness on appeal.  The record shows that the trial court charged the jury that it should consider only the witness testimony that it found "worthy of belief." (Doc. 11, Ex. A, Vol. 2 at R-123).  The court further instructed the jury that it should consider any interest that a witness might have in the outcome of the case, any bias the witness may have shown, and the witness' demeanor on the stand.  (Id.).  The court also instructed the jury that it could disregard, *in toto*, the testimony of any witness believed to have willfully testified falsely.  (Id. at R-124).  If Petitioner's trial counsel chose not to request further jury instructions on witness credibility, such as Petitioner's suggestion that the jury should disregard the testimony of any person whom they believed to be of bad character, he may have done so out of concern for his own client's testimony.  The Court will not second-guess that decision.  See Strickland, 466 U.S. at 689 ("defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'"). Because the trial court adequately instructed the jury on how to evaluate the veracity of a witness's testimony, Petitioner was not entitled to further instructions on that issue. Thus, the Court finds that Petitioner has failed to establish that either trial counsel or appellate counsel was deficient with regard to habeas claim 14.

With respect to habeas claim 15, Petitioner claims that his trial counsel was ineffective for failing to conduct a proper investigation and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal. Petitioner presented this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Caver next contends that his appellate counsel was ineffective for failing to raise on appeal that his trial counsel was ineffective for breaching his duty to investigate. Specifically, Caver contends that his trial counsel failed to conduct a door-to-door investigation, did not diligently interview residents, and failed to properly consider the alleged eye-witness, Jesse "Longhead" Dixon, as a defense witness at trial. Caver contends that Dixon would have testified favorably

in his defense and that his counsel was
deficient for not utilizing his testimony.

The circuit court, in its order
denying this claim, concluded that Caver's
allegations failed to plead with
specificity his contentions; the trial
court also concluded that Caver's claim
regarding Dixon was wholly without merit,
as Dixon had removed himself from the scene
before the events occurred by locking
himself out of the house.  Therefore, the
court concluded, Dixon could not have been
an eyewitness to the occurrence.  Even in
the absence of Dixon's testimony, the court
found that Dixon's potential testimony
would have been cumulative of the testimony
of three other defense witnesses.  Because
Caver cannot establish that the outcome of
his trial would have been different or that
counsel's decision was not outside the
scope of competent professional conduct,
based on testimony that would have been, at
best, cumulative, we affirm the circuit
court's holding that this claim was without
merit.  "This Court will not second-guess
tactical decisions of counsel in deciding
whether to call certain witnesses." Luke
v. State, 484 So. 2d 531, 534 (Ala. Crim.
App. 1985) (quoting United States v. Long,
674 F.2d 848, 855 (11th Cir. 1982) (as
quoted in Falkner v. State, 462 So. 2d
1040, 1042 (Ala. Crim. App. 1984).

(Doc. 11, Ex. P at 5-6).

Having reviewed the record in this matter, this Court

likewise finds that Petitioner's trial counsel was not

deficient for failing to conduct a proper investigation, nor

was his appellate counsel deficient for failing to raise trial

counsel's ineffectiveness on appeal.  Petitioner claims that,

on the day before the trial began, a witness, Jesse Dixon, told Petitioner's attorney that the robbery never took place. However, Dixon was unable to make it to court the next day. Petitioner claims that his trial counsel was deficient for failing to request a continuance on that basis. (Doc. 1, attachment at 23).  The Court disagrees.  The record shows that the victim, Tracy Johnson, testified that he was alone with Petitioner and Morrissette at the time that he was robbed.  Johnson testified that Dixon had been outside with him that day but had run into the house and locked the door as soon as Petitioner and Morrissette drove up. (Doc. 11, Ex. A, Vol. 2 at R-26-R-30).  Therefore, assuming that Petitioner's trial counsel had requested, and been given, a continuance so that he could make arrangements for Dixon to testify, Petitioner has not shown that, with Dixon's testimony, "there is a reasonable probability that. . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In addition, Petitioner claims that his trial counsel was deficient for failing to obtain additional documents from the police department showing an alleged discrepancy in the time of his arrest. (Doc. 1, attachment at 24).  Petitioner claims that he was arrested at 5:47 p.m. (Doc. 1, attachment at 23),

not at approximately 7:00 p.m., as Officer Bolton testified
(Doc. 11, Ex. A, Vol. 2 at R-50-R-52).  Assuming, *arguendo*,
that Officer Bolton's testimony concerning the time of arrest
was incorrect, Petitioner has failed to show that the
purported discrepancy has any significance whatsoever to his
defense to the robbery charge.  The evidence is undisputed
that Petitioner was arrested immediately following a gunfight
with Tracy Johnson, which occurred the same day, but after,
Johnson filed a police report stating that he had been robbed
by Petitioner.  (Doc. 11, Ex. A, Vol. 2 at R-50-R-56).  Even
if Petitioner's trial counsel had obtained additional
documents showing a discrepancy in the time of Petitioner's
arrest, Petitioner has failed to show any possible difference
that it would have made in the result of the proceeding.  See
Strickland, 466 U.S. at 694.  Therefore, Petitioner's trial
counsel was not deficient for failing to obtain additional
documentation related to the time of Petitioner's arrest, and
Petitioner's appellate counsel was not deficient for failing
to raise trial counsel's ineffectiveness on appeal.

Petitioner's two final claims do not involve ineffective
assistance of counsel.  In habeas claim 16, Petitioner claims
that the trial court was without jurisdiction to render
judgment or impose sentence in his case.  Petitioner presented

53

this same argument to the Alabama Court of Criminal Appeals in his Rule 32 proceedings, and, in its memorandum opinion denying Petitioner's request for Rule 32 relief on this claim, the court stated:

> Caver argues in part XVIII of his brief that he was denied the right to be present at his sentencing hearing, in violation of Rule 26.7, Ala. R. Crim. P. The record before us and the archived records of this Court reflect that Caver's direct appeal was remanded by this Court so that the judgment entry on the case action summary sheet could be reconciled with the sentence pronounced in open court. Contrary to Caver's assertion, the court's action did not constitute a resentencing of Caver. Thus, Rule 26.7 had no relevance to the circuit court's actions. Caver did not have a right to be present when the court entered a corrected judgment entry reflecting the sentence imposed in open court. Accordingly, the circuit court correctly determined that Caver had failed to state a claim upon which relief could be granted.

(Doc. 11, Ex. P at 12).

Having reviewed the record in this matter, this Court likewise finds Petitioner's claim to be without merit. The record shows that, following Petitioner's conviction, the trial court sentenced him in open court to a term of "life" in the State penitentiary. (Id., Ex. A, Vol. 3 at R-32). However, the case action summary erroneously reflected that Petitioner had been sentenced to a term of "life without

parole." (<u>Id.</u>, Vol. 1 at C.R. 4).  Following Petitioner's
direct appeal, the Alabama Court of Criminal Appeals remanded
the case to the circuit court with instructions to "reconcile
its case action summary with the sentence pronounced in open
court." ("Remandment" volume at C.R. 1).  The trial court did
so, correcting the case action summary to indicate,
"Sentencing order of 9-16-99 is hereby corrected as follows:
Defendant is sentenced to the penitentiary for the term of
Life.  All other aspects of sentence to remain the same."
("Remandment" volume at C.R. 5).  Because the trial court did
not re-sentence Petitioner but, rather, merely corrected an
erroneous entry on the case action summary sheet, Petitioner's
argument that he was entitled to be present when he was "re-
sentenced" is without merit.

 With respect to habeas claim 17, Petitioner claims that
his due process rights were violated by the court's failure to
conduct a sentencing hearing.  Petitioner presented this same
argument to the Alabama Court of Criminal Appeals in his Rule
32 proceedings, and, in its memorandum opinion denying
Petitioner's request for Rule 32 relief on this claim, the
court stated:

> Caver argues in part XIX of his
> opinion that his due process rights were
> violated by the circuit court's failure to
> conduct a proper sentencing hearing.

Specifically, Caver argues that the circuit
court neglected to conduct an allocution.
The court determined that this claim was
without merit, recalling that the
sentencing hearing included an allocution.
Our review of the record of Caver's direct
appeal likewise reveals that an allocution
occurred.  Contrary to Caver's claims, an
allocution need not include any specific
words.  See Jones v State, 555 So. 2d 333,
336 (Ala. Crim. App. 1989) (no "magic
words" necessary to show that an
alloc[u]tion occurred).  Rather, the court
must simply afford the defendant an
opportunity to speak before sentence is
imposed.  Because Caver was given this
opportunity, no basis for relief exists as
to this claim.

(Doc. 11, Ex. P at 12-13).

Having reviewed the record in this matter, this Court

likewise finds that Petitioner's claim that he was denied an

opportunity to speak at his sentencing hearing is without

merit.  The record shows that, prior to pronouncing

Petitioner's sentence, the court asked him, "Mr. Caver, do you

have anything you wish to say," to which he replied, "No,

sir."  (Id., Ex. A, Vol. 3 at R-32).  Accordingly,

Petitioner's argument with respect to habeas claim 17 is

unavailing.

In sum, with respect to Petitioner's habeas claims 2-11

and 13-17, which were considered by the Alabama Court of

Criminal Appeals and denied on the merits, the Court finds

that Petitioner has failed to establish under the "contrary

56

to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law as set forth in Supreme Court case law or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Likewise, Petitioner has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case. Thus, Petitioner has not established that he is entitled to relief under § 2254(d)(1). In addition, Petitioner has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court must presume as correct the determinations of all factual issues made by the state court. 28 U.S.C. § 2254(e). Petitioner has not rebutted that presumption of correctness by clear and convincing evidence.

Also, with respect to habeas claim 12 and the portion of habeas claim 5 related to ineffective assistance of appellate counsel, which the Alabama Court of Criminal Appeals did not

adjudicate, the Court has considered those claims, *de novo*, and has found them to be completely without merit. Accordingly, as the Court found with habeas claim 1, Petitioner has failed to establish that he is entitled to habeas relief on the basis of habeas claims 2  through 17, and, therefore, those claims are due to be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **22nd** day of **July, 2005.**

<u>  /s/SONJA F. BIVINS  </u>
UNITED STATES MAGISTRATE JUDGE

58

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Opposing party's response to the objection.</u>** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.


                                S/ Sonja F. Bivins
                                UNITED STATES MAGISTRATE JUDGE